No. 16-35593

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

*LNV CORPORATION, a Nevada corporation,*

*Plaintiff-Appellee,*

v.

*ROBYNNE A. FAULEY,*

*Defendant-Appellant.*

Appeal from the U.S. Dist. Court for the Dist. of Oregon, No. 3:15-cv-01422-HZ

**PLAINTIFF-APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD**

Erick J. Haynie
Wilson C. Freeman
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
WFreeman@perkinscoie.com

## TABLE OF CONTENTS

Page

INTRODUCTION ..........................................................................................1
    A.    STATEMENT OF FACTS AND PROCEDURAL HISTORY...........1
ARGUMENT .................................................................................................2
    A.    Fauley has failed to provide any justification to supplement the record on appeal ..................................................................................2
    B.    Even if all of Fauley's new evidence was accepted and had been presented below, it would not have affected the grant of summary judgment ..................................................................................4
CONCLUSION...............................................................................................7

# TABLE OF AUTHORITIES

Page

**CASES**

*Deutsche Bank Trust Co. Americas v. Walmsley*,
   277 Or. App. 690, 374 P.3d 937 (Or. Ct. App. 2016) ........................................4, 5

*Garrett v. Selby Connor Maddux & Janer*,
   425 F.3d 836 (10th Cir. 2005) ................................................................................4

*Gonzalez v. United States*,
   814 F.3d 1022 (9th Cir. 2016) ................................................................................1

*In re Veal*,
   450 BR 897 (B.A.P. 9th Cir. 2011) ........................................................................6

*Jacobsen v. Filler*,
   790 F.2d 1362 (9th Cir. 1986) ................................................................................4

*U.S. v. Wilkes*,
   20 F.3d 651 (5th Cir. 1994) ....................................................................................4

**STATUTES**

ORS 73.0301 .................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. App. P. 28 .........................................................................................................4

79707-0018/LEGAL136637862.5

-iii-

# CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee LNV Corporation ("LNV") is a Nevada corporation and a wholly owned subsidiary of Beal Bank USA, a Nevada thrift. Beal Bank USA is wholly owned by Beal Financial Corporation, a Texas corporation. Beal Bank USA and Beal Financial Corporation are not publicly traded corporations, and no publicly traded corporation owns more than 10% of their stock.

## INTRODUCTION

Defendant-Appellant Robynne A. Fauley ("Fauley") moves this court to supplement the record. Her motion, in essence, re-litigates her entire case. At this time, the appeal of the summary judgment granted against Fauley below has been fully briefed, but Fauley takes this opportunity to essentially file a new opening brief, complete with novel theories and arguments never-before presented to any court. She attaches a host of purported new evidence, including a pair of self-serving declarations and other hearsay materials, and does not even attempt to explain why this evidence could not have been introduced at the District Court. For this reason alone, the Court should deny Fauley's Motion.

Despite these new arguments and claimed new evidence, Fauley fails to help her case. This is no surprise: Fauley has not paid her mortgage since 2012, and (as the District Court properly found) the Note which documents the residential loan at issue is in the physical possession of LNV. In light of these facts, there is nothing Fauley could do, no matter how many unnecessary and meritless motions she may make to this appellate court.

### A. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This residential judicial foreclosure case is straightforward, and the facts are set out in more detail in LNV's Response Brief. LNV is the holder of a Note and beneficiary of a Deed of Trust duly executed by Fauley on June 12, 2002. SER 197; 201-202. LNV has physical possession of the original note, which the District

Court examined before granting summary judgment, as Fauley admits in her Motion. Fauley further admits that she signed the Note and the Trust Deed, and that she has not made payments on her mortgage in many years . SER 103-104.

Fauley defaulted on her mortgage in August, 2012. SER 188-95. LNV first brought this foreclosure action against Fauley in July, 2015. After liberal discovery, the District Court granted summary judgment to LNV in April, 2016. SER 12-13. Judgment was issued in July, 2016. Fauley then filed this appeal.

This appeal has been fully briefed and is awaiting decision. Fauley's informal opening brief was filed in November, 2016. After some delay while the Court resolved pending motions, LNV timely filed its response on April, 14 2017. Fauley's reply was filed on April 28, 2017 and, at that point, briefing closed.

## ARGUMENT

### A. Fauley has failed to provide <u>any</u> justification to supplement the record on appeal

"Absent extraordinary circumstances," the Court generally does "not permit parties to supplement the record on appeal." *Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016). Fauley has not only failed to demonstrate extraordinary circumstances, she has failed to provide any explanation as to why her new evidence could not have been presented at any time prior to this. This Court should summarily deny Fauley's motion for this reason alone, if only to

spare both parties the effort and expense of future attempts by Fauley to redo her appeal.

Fauley's purported new evidence consists of the following: (1) self-serving declarations by herself and one Ms. Subramaniam, a third party, describing her examination of the original note and other events; (2) an op-ed by one Bill Paatalo, making unsupported (and false) allegations of deceit by LNV; (3) the transcript of the summary judgment hearing; (4) a series of e-mails regarding assignments of Ms. Fauley's loan; (5) a series of assignments of various loans and a deposition transcript from unrelated litigation in Florida; (6) letters between the Texas Attorney General and MCG Mortgage, Inc.; (7) alleged photographs of Fauley's original note along with commentary from Fauley; (8) a deposition transcript from unrelated litigation in Indiana; and (9) a claimed expert report from one James Kelley from a Washington State case.

Some of this is already in the Record, such as the transcript, or a copy of the Note. But almost all of the new material is irrelevant to the case at hand. Other evidence would not meet basic tests for admissibility under the Federal Rules of Evidence. But it is not necessary to go through Fauley's 400 pages of exhibits piece by piece because her motion fails to demonstrate any circumstances at all as to why it could not have been presented below. All of her documents, apart from the material Fauley personally created for her motion, predates LNV's lawsuit.

Fauley was given months of discovery before LNV moved for summary judgment. There is no reason (and no legal basis) to essentially re-open discovery on appeal.

Fauley simply insists that this Court should take note of this evidence "in the interest of justice and fairness." Appellant's Motion to Supplement the Record at 23. This is not the standard. While Fauley is proceeding pro se, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Fauley's motion should be summarily denied because she has not even attempted to meet the standard required.[1]

### B. Even if all of Fauley's new evidence was accepted and had been presented below, it would not have affected the grant of summary judgment

All that LNV needed to prove to the District Court to prevail on summary judgment is that it was the "'holder' of the note, and therefore entitled to enforce it in the event of default, by establishing that it possessed the note at the time of the foreclosure action and that the note was endorsed" to LNV. *Deutsche Bank Trust*

---

[1] It should also be noted that many of Fauley's arguments could have been made, and some in fact were made, in her opening brief. Fauley's 25-page motion is plainly an attempt to circumvent the strictures on briefing contained in the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 28. Pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (noting that Rule 28 "applies equally to pro se litigants"); *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that pro se litigants must abide by the Federal Rules of Appellate Procedure). Fauley's motion should be denied for that reason alone.

*Co. Americas v. Walmsley*, 277 Or. App. 690, 697, 374 P.3d 937, 941 (2016) ("Plaintiff was not required to prove ownership of the note in order to be entitled to enforce it under these circumstances. To the contrary, ORS 73.0301 provides that a person may be entitled to enforce an instrument 'even though the person is not the owner of the instrument or is in wrongful possession of the instrument.'"). As the District Court correctly explained: "[T]he fact that the trust deed and Note have taken divergent paths is entirely inapposite. There is no question that the Note has been transferred to LNV by endorsement, and that LNV is in current physical possession of the Note." SER 14. Fauley's host of new contentions can do nothing to undermine these facts, and so they are all in vain.

Much of Fauley's motion is window-dressing around a single point: "It is impossible to ascertain just by looking at the Note when it was conveyed to what party. These facts must be determined to substantiate whether LNV had Article III standing to foreclose on Ms. Fauley's property." Appellant's Motion to Supplement the Record at 10. Even if Fauley is right that the dates of the underlying assignments are unclear, or that the party names are slightly different than those in the recorded assignments (neither of which LNV concedes), the last assignment is undoubtedly an endorsement to LNV and LNV is in possession of the original Note. SER120. This is all that is required to foreclose. *Deutsche Bank Trust Co.*, 277 Or. App. at 697.

Fauley's fundamental premise is that the Note assignments are the product of "fraud and illegality," and that that the assignments of the Note, from its origination with Wells Fargo to its assignment to LNV, are mere forgeries of a sloppy criminal enterprise. This is pure fantasy and is unsupported by any actual evidence. In fact, the original Note's authenticity has yet to be questioned by anything other than Fauley's pure speculation, and was examined in detail by Judge Hernandez, who found that it was valid and acknowledged that it had been made payable to LNV. Fauley's attachment of an expert report, from another case, dealing with a different document, even if properly considered (it is not properly considered), would do nothing to create a question of fact with respect to the authenticity of this Note. LNV is, indeed, the holder of the Note and there is nothing untoward or unequitable about LNV's enforcement of the Note given Fauley's admitted failure to pay. Fauley purports that LNV has engaged in fraud and deceit, but it is Fauley who is claiming entitlement to a free house.[2]

The District Court correctly granted summary judgment. A case relied on by Fauley, *In re Veal*, 450 BR 897, 911 (B.A.P. 9th Cir. 2011), explains the relevant principle: a person who possesses the note is a holder, and therefore entitled to

---

[2] Oddly enough, Fauley claims the signature is forged but does not identify any terms of the Note that were altered or added without her consent and thus motivated the purported forgery. Instead, the Court is left with a note that Fauley has acknowledged, and received a house for in exchange, and which she paid on for some time (before defaulting) without ever questioning her signature or its authenticity.

enforce the note, if "(i) the note has been made payable to the person who has it in his possession or (ii) the note is payable to the bearer of the note." Here, the Note is held by and has been made payable to LNV. This is all that is required.

## CONCLUSION

For the foregoing reasons, LNV respectfully requests that the Court deny Fauley's Motion.

DATED: August 28, 2017          **PERKINS COIE LLP**

By: */s/ Erick J. Haynie*
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Wilson C. Freeman**, OSB No. 165491
WFreeman@perkinscoie.com
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Plaintiff-Appellee
LNV Corporation*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(d)(2) and 32(f), this document contains 1,853 words.

2. This document complies with the typeface requirements in Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman style.

DATED: August 28, 2017　　　　　　**PERKINS COIE LLP**

　　　　　　　　　　　　　　　　　By: */s/ Erick J. Haynie*
　　　　　　　　　　　　　　　　　**Erick J. Haynie**, OSB No. 982482
　　　　　　　　　　　　　　　　　EHaynie@perkinscoie.com
　　　　　　　　　　　　　　　　　**Wilson C. Freeman**, OSB No. 165491
　　　　　　　　　　　　　　　　　WFreeman@perkinscoie.com
　　　　　　　　　　　　　　　　　1120 NW Couch Street, Tenth Floor
　　　　　　　　　　　　　　　　　Portland, OR 97209-4128
　　　　　　　　　　　　　　　　　Telephone: 503.727.2000
　　　　　　　　　　　　　　　　　Facsimile: 503.727.2222

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff-Appellee*
　　　　　　　　　　　　　　　　　*LNV Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically filed the foregoing **PLAINTIFF-APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users of have registered for electronic notice, and that service will be accomplished through the CM/ECF system.

DATED:  August 28, 2017          **PERKINS COIE LLP**

By: */s/ Erick J. Haynie*
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Wilson C. Freeman**, OSB No. 165491
WFreeman@perkinscoie.com
1120 NW Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff-Appellee
LNV Corporation*

-1-